IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL RIVERA, STEPHEN KENSINGER, DEBORAH JOY MEACOCK, and REBECCA SCHEUNEMAN, <br><br>Plaintiffs, <br><br>v. <br><br>ALLSTATE INSURANCE COMPANY, and JUDY GREFFIN, <br><br>Defendants. | Case No. 1:10-CV-01733 <br><br> Judge John F. Grady |

**STIPULATION FOR PROTECTIVE ORDER**

The parties to this action, through their respective counsel, hereby stipulate to the Court entering a protective order pursuant to the following terms:

1. This Stipulation for Protective Order shall apply to all information and documents marked Confidential (and copies thereof) produced or disclosed during the course of the above-captioned matter by any party or nonparty that is required to produce or disclose such information or documents pursuant to any Court order or process, including all such information and documents disclosed:

    a) pursuant to a subpoena;

    b) through informal or formal discovery or at any hearing;

    c) in any pleading, document, affidavit, brief, motion, transcript, or other writing;

    d) in testimony given in a deposition or hearing; or

    e) any copies, notes, abstracts, or summaries of information described in parts (a) through (d) above.

2. Any party to this action or other person from whom discovery or information is sought may designate as "Confidential" documents, interrogatory answers, responses to requests for admissions, deposition transcripts, trial testimony and any other documents, materials and information (hereinafter collectively referred to as "Protected Materials") heretofore or hereafter produced or disclosed in this action if and to the extent the Protected Materials contain, reveal, or relate to "Confidential Information." Protected Materials shall be stamped with the words "Confidential." The parties will designate documents as "Confidential" in good faith. "Confidential Information" includes but is not limited to:

    a) any Protected Materials that the designating entity has a reasonable basis to claim constitute information of a proprietary nature that is not otherwise generally available to the public including any documents on which Allstate relies for purposes of developing a competitive workforce that distinguishes it from its competitors;

    b) private information about individuals including any personnel information regarding any current or former employee of Allstate other than Plaintiffs, including but not limited to documents contained in such employee's personnel file, Allstate's department or human resource files, Allstate's work-place investigation files, or any other Allstate files containing documents related to individual employees' work history, salary or job performance and/or documents indicating such employees' home address or other personal data;

    c) any medical or financial records that relate to Plaintiffs or Defendants; and

        d)      Protected Health Information ("PHI") as such is defined in the Privacy Rule promulgated by the U.S. Department of Health and Human Services (45 C.F.R. § 164.103). PHI is individually identifiable health information including but not limited to information relating to 1) the past, present or future health condition of an individual; 2) the past, present or future payment for health care of an individual; or 3) the identity of the individual or information from which the identity of the individual could reasonably be determined by unauthorized disclosure.

3.    The designating party may designate any information or documents as Confidential Information by:

    a)    imprinting the word "Confidential" on the first page or cover page of any document produced;

    b)    imprinting the word "Confidential" next to any interrogatory answer or on any page of interrogatory answers;

    c)    advising the court reporter that certain testimony is "Confidential" and is to be marked accordingly; or

    d)    informing all counsel, in writing, that certain information is Confidential Information and is governed by the Protective Order.

4.    Information designated as "Confidential" shall not be given, shown, made available, or communicated in any way to anyone other than:

    a)    counsel for such party, including both in-house and outside counsel, their partners and associates, and stenographic, secretarial, paralegal, and clerical employees;

    b)    the parties and counsel for such parties including both in-house and outside counsel, their partners and associates, and stenographic, secretarial, paralegal, and clerical employees;

    c)    the Court and its staff;

    d)    outside consultants and experts retained by any party (unless such expert is a competitor of the producing party) to assist in the preparation for trial or settlement, including their partners and associates, and stenographic, secretarial, and clerical employees;

    e)    any person who prepared or originated the document or who is indicated on its face as a recipient of the original or copy thereof or who otherwise legitimately received a copy of the document in the ordinary course of business;

    f)    court reporters and witnesses in preparation for, and conducting, both depositions and trial; and

    g)    such other persons as the Court may specifically approve after notice and hearing, or such other persons as the parties may agree in writing.

5.    Prior to the disclosure of Protected Materials to any person listed in paragraph 4(d), 4(f) (witnesses only) and 4(g), counsel for the party disclosing the Protected Materials shall:

    a)    provide such person with a copy of this Protective Order; and

    b)    obtain from such person a signed statement in the form attached hereto as Exhibit A. (Such statement shall be retained by the party and need not be

4

filed with the Court or served upon opposing counsel unless required by Court order.)

6. Any person who is required to sign Exhibit A and has received any Protected Materials shall:

  a) read the Protective Order;

  b) use such Protected Materials only for purposes allowed by the Protective Order;

  c) not disclose or discuss such Protected Materials except as authorized by the Protective Order; and

  d) not utilize such Protected Materials except as necessary for the prosecution or defense of this action or as otherwise authorized by the Protective Order.

7. With respect to the testimony of a party, a party's officers, directors, agents, consultants, experts, and/or employees, or other person elicited during depositions, whenever counsel for a party or other person deems that any question or line of questioning calls for the disclosure of information which should be treated as Protected Materials, counsel may designate on the record prior to such disclosure that such disclosure is Protected Material. In such situations, counsel may exclude from the room any person (other than the witness then testifying) who is not entitled under the Protective Order to receive Protected Materials. The questions and answers designated by counsel as pertaining to Protected Materials may be transcribed separately from the remainder of the deposition. Portions of transcripts designated as including Protected Materials that are transcribed separately shall be retained by counsel, unless

filed in this Court, in which event they shall be filed in this Court under seal in a manner satisfactory to the Court.

8. All produced Protected Materials shall be carefully maintained by counsel to protect their confidentiality. The parties shall cooperate in an effort to ensure that all parties will be able fully to prepare their cases for trial, advise their clients, and present their case at trial while still maintaining the confidentiality of their opponent's information. If the parties do not agree on how to designate or handle Protected Materials either during discovery, or at trial, the parties shall undertake good-faith efforts to resolve their disagreement without Court involvement. If after doing so, the parties still cannot agree on how to designate or handle the Protected Materials, the designating party shall schedule a telephone conference with the Court for the purpose of resolving the dispute in a manner consistent with the terms and conditions of the Protective Order.

9. There shall be no reproduction of documents designated as Confidential Information except for copies for internal use by the attorneys and as required in the course of the litigation, except that copies, excerpts or summaries may be shown or given to those authorized by paragraph 4 to receive the Confidential Information.

10. Nothing in the Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential or proprietary in nature.

11. As to materials that the non-producing party obtains from another source, upon notice that the information has been obtained from another source that party will have a reasonable opportunity to designate such information as confidential.

12. In the event that counsel for any party decides to file with the Court any Protected Materials or any papers containing or making reference to such material or information, such documents, or the portions of them that contain Protected Materials, shall be filed under seal and in a manner satisfactory to the Court All such material so filed shall be maintained by the Court Administrator under seal and separate from the public records in this action and shall be released only upon further Order of the Court.

13. This Order shall be without prejudice to the right of any party or person to oppose production of any information for lack of relevance or on any other ground.

14. On final termination of this action, each party or other persons subject to the terms hereof shall assemble and destroy or return to the producing party or person all Protected Materials produced in this action, all copies, summaries, and abstracts thereof and all other materials, memoranda, or documents constituting or containing confidential information or Protected Materials. If a party chooses to destroy such materials, that party shall certify to the producing party or person the destruction of all such materials. Notwithstanding the foregoing, counsel of record for each party may retain one copy of each document constituting or containing such Protected Materials solely for reference in the event of a dispute over the use or dissemination of such confidential information in violation of the terms of the Protective Order.

15. Any party or person for good cause may apply to the Court for a modification of the Protective Order.

16. Nothing herein shall prevent disclosure of Protected Materials if the party or person designating the information as Protected Materials consents to such disclosure.

17. Subject to and consistent with the other provisions of the Protective Order, information designated as "Protected Materials" by a corporation may be introduced at the

7

deposition of its employee(s). With respect to the introduction of Protected Materials at the deposition of an individual not a party to this lawsuit and not an employee of a party corporation, the parties shall treat that deponent as a witness/deponent under paragraph 4(f) of this Stipulation, and that person shall be subject to the requirements of the Protective Order, and specifically, paragraphs 4 and 5 above.

| | |
|---|---|
| DANIEL RIVERA, STEPHEN KENSINGER, DEBORAH JOY MEACOCK, and REBECCA SCHEUNEMAN | ALLSTATE INSURANCE CO. |
| By: _s/ Adam Miller_____<br>   One of Their Attorneys | By: __s/ Barbara Borowski_____<br>   One of Its Attorneys |
| Robert D. Sweeney, Esq.<br>Adam S. Miller, Esq.<br>RDS LAW<br>111 W. Washington St., Suite 1160<br>Chicago, IL  60602 | Gerald L. Pauling II<br>Barbara H. Borowski<br>Karen M. Osgood<br>SEYFARTH SHAW LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603<br>(312) 460-5000 |
| Dated: August 2, 2011_____ | Dated: August 3, 2011_____ |

**EXHIBIT A**

AFFIDAVIT OF CONFIDENTIALITY

In the case of:

_____

Court File No:

_____

The undersigned has read the Stipulation for Protective Order pertaining to Protected Materials in the above-referenced action and agrees:

18. That he/she shall fully abide by the terms thereof;

19. That he/she shall not disclose the Protected Materials to or discuss the Protected Materials with any person who is not authorized pursuant to the terms of said Stipulation for Protective Order to receive the disclosure thereof and who has not signed an Affidavit of Confidentiality as therein provided; and

20. That he/she shall not use such Protected Materials for any purpose other than for the purposes of the above-referenced action.

Name: _____

Address: _____

_____

_____

Subscribed and sworn to before me this ____ day of _____.

_____
Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL RIVERA, STEPHEN KENSINGER, DEBORAH JOY MEACOCK, and REBECCA SCHEUNEMAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY, and JUDY GREFFIN,<br><br>        Defendants. | Case No. 1:10-CV-01733<br><br>Judge John F. Grady |

**<u>PROPOSED ORDER</u>**

The Stipulation for Protective Order (Document No. \_\_\_\_) is hereby approved and

IT IS ORDERED that the terms of the Stipulation for Protective Order are hereby adopted and

shall govern this action unless otherwise ordered by the Court.

Dated: _____, 2011        BY THE COURT:

                                                        _____
                                                        United States District Judge