10-1733.131-JCD                                                    June 14, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RIVERA, STEPHEN KENSINGER, | ) | |
| DEBORAH JOY MEACOCK, and REBECCA | ) | |
| SCHEUNEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 C 1733 |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Before the court is the motion of defendant Allstate Insurance Company ("Allstate") for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). For the reasons explained below, the motion is denied.

### BACKGROUND

This action arises out of plaintiffs' former employment by defendant Allstate's equity division. After Allstate investigated the division for ethical violations, it terminated plaintiffs' employment in late 2009. Plaintiffs allege that Allstate injured their reputations by falsely accusing them of improperly timing trades and manipulating data in order to increase their bonuses.

- 2 -

Plaintiffs' remaining claims are for defamation and violation of the Fair Credit Reporting Act.[1]

Plaintiffs seek the production of Allstate's correspondence with, and documents that it voluntarily provided to, the Securities and Exchange Commission ("SEC") and the Department of Labor ("DOL") in response to those agencies' requests for information in conjunction with their investigations of the alleged trading improprieties.  Allstate has moved for a protective order that would prohibit this discovery.

## DISCUSSION

Federal Rule of Civil Procedure 26(c)(1) provides that a party or person from whom discovery is sought may move for a protective order and that the court may, for good cause, issue such an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Allstate asserts that the documents sought by plaintiffs (1) are irrelevant to their claims; (2) "enjoy an absolute privilege from defamation claims"; and (3) are protected by the attorney-client privilege and/or the work-product doctrine, which were not waived by Allstate's disclosures to the agencies.

---

[1]  The Fair Credit Reporting Act claim, in which plaintiffs allege that Allstate failed to disclose to them a summary containing the nature and substance of the communications upon which their terminations were based, is not relevant to the instant motion.

- 3 -

We can easily dispose of Allstate's first and second arguments. The discovery plaintiffs seek is undoubtedly relevant to their defamation claims. Plaintiffs will have to demonstrate the falsity of the statements that Allstate allegedly made about their trading activities, and Allstate has asserted the affirmative defense of truth. The documents contain the information that Allstate learned and the conclusions it drew from its investigation of the trading activities, which are relevant to the truth or falsity of the alleged statements. And Allstate's contention that its communications with the SEC and DOL are "absolutely privileged" because they were made in the context of a quasi-judicial proceeding misses the mark. Allstate refers to a privilege that would shield it from liability for, not discovery of, statements made in the communications. Plaintiffs do not seek to use the statements in the communications as a basis for their defamation claims; they simply seek discovery of this information that is relevant to their defamation claims, which are based on *different* statements.

Allstate also asserts that it did not waive the attorney-client privilege or work-product protection by disclosing the documents to the agencies. We note as an initial matter that Allstate gives short shrift to the issue of whether the documents are privileged in the first place. Allstate bears the burden of establishing that the privileges apply to each document, and mere

- 4 -

conclusory statements do not suffice.  See, e.g., United States v. White, 950 F.2d 426, 430 (7th Cir. 1991); Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 152 F.R.D. 132, 137 (N.D. Ill. 1993). Plaintiffs correctly point out that Allstate has not made a sufficient showing that the documents are privileged; in reply, Allstate calls plaintiffs' response "disingenuous," complains that plaintiffs have "never before" challenged Allstate's privilege claims, and attempts to flesh out its conclusory statements. Allstate's argument ignores its burden; furthermore, we generally consider arguments developed for the first time in a reply to be waived.  But because the parties have focused primarily on the dispositive issue of whether Allstate waived any claim of privilege by producing the documents to the SEC and DOL, we will assume, without deciding, that the documents are protected by one or both of the privileges.

Allstate contends that "[a] number of Courts hold that disclosure of privileged information to the government as a third party waives the privilege only with respect to the government." (Def.'s Mem. in Supp. of Mot. at 7.)  This theory, known as "selective waiver," has in fact been accepted by only one Court of Appeals--the Eighth Circuit, in Diversified Industries, Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1978)--and has since been rejected by every other Court of Appeals that has addressed the issue, see

- 5 -

In re Pacific Pictures Corp., 679 F.3d 1121, 1127 (9th Cir. 2012) (rejecting the theory of selective waiver and citing similar decisions of the First, Second, Third, Fourth, Sixth, Seventh, Tenth, D.C., and Federal Circuits, which variously dealt with one or both types of privilege).

Plaintiffs state that the Seventh Circuit "has not yet ruled on selective waiver," Resp. at 9, and Allstate cites a decision, Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122 (7th Cir. 1997) that it argues "left the door open" to the application of selective waiver, Reply at 6, but neither party cites Burden-Meeks v. Welch, 319 F.3d 897 (7th Cir. 2003). In Burden-Meeks, the Seventh Circuit affirmed a district court order directing a third party, the Intergovernmental Risk Management Agency ("IRMA"), to produce to plaintiffs a report, relevant to their claims, that had been written by IRMA's lawyers. IRMA invoked the attorney-client privilege, but it had shown the report to defendant Welch, the mayor of the defendant City of Country Club Hills, so the district court held that IRMA had waived any claim of privilege by sharing the report with Welch. The Seventh Circuit remarked:

> Knowing disclosure to a third party almost invariably surrenders the privilege with respect to the world at large; selective disclosure is not an option. See, e.g., Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1126-27 (7th Cir. 1997); United States v. Hamilton, 19 F.3d 350, 353 (7th Cir. 1994). (One court of appeals thinks that disclosure to a regulatory body does not surrender the privilege with respect to other private persons, see Diversified Industries, Inc. v. Meredith,

- 6 -

572 F.2d 596 (8th Cir. 1977) (en banc); see also <u>In re Columbia/HCA Healthcare Corp. Billing Practices Litigation</u>, 293 F.3d 289, 307-14 (6th Cir. 2002) (Boggs, J., dissenting); but the majority view is otherwise, and at all events the Mayor of Country Club Hills was not acting as IRMA's regulator.)

319 F.3d at 899.

In our view, <u>Burden-Meeks</u> indicates that in a case involving disclosure to a regulatory body, the Seventh Circuit would likely adopt the majority view. We adopt the majority view as well, for the reasons discussed in <u>In re Columbia/HCA Healthcare Corp. Billing Practices Litigation</u>, 293 F.3d 289, 302-307 (6th Cir. 2002); <u>see also</u> <u>Hobley v. Burge</u>, No. 03 C 3678, 2004 WL 856439, at *5-8 (N.D. Ill. Apr. 21, 2004). In <u>Columbia/HCA Healthcare</u>, as in this case, the party seeking the application of selective waiver had entered into a confidentiality agreement with the governmental agency to which it had produced the subject documents for an investigation. <u>See</u> 293 F.3d at 292. In rejecting the concept of selective waiver with regard to the attorney-client privilege, the Sixth Circuit explained that the Eighth Circuit's approach in <u>Diversified</u> was created out of whole cloth and "has little, if any, relation to fostering frank communication between a client and his or her attorney." <u>Id.</u> at 302. The Court also stated: "[A]ny form of selective waiver, even that which stems from a confidentiality agreement, transforms the attorney-client privilege into 'merely another brush on an attorney's palette, utilized and manipulated to

gain tactical or strategic advantage.'" Id. at 302 (quoting In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993)). The Court agreed with the First Circuit that the "'general principle that disclosure normally negates the privilege is worth maintaining . . . [because it] makes the law more predictable and certainly eases its administration.'" 293 F.3d at 304 (quoting United States v. Mass. Inst. of Tech., 129 F.3d 681, 685 (1st Cir. 1997)). As for work-product protection, the Court found "no compelling reason for differentiating waiver of work product from waiver of attorney-client privilege," observing that "[m]any of the reasons for disallowing selective waiver in the attorney-client privilege context also apply to the work product doctrine"; that the "ability to prepare one's case in confidence, which is the chief reason articulated [by the Supreme Court] for the work product protections, has little to do with talking to the Government"; and that "[a]ttorney and client both know the material in question was prepared in anticipation of litigation; the subsequent decision on whether or not to 'show your hand' is quintessential litigation strategy." 293 F.3d at 306-07.

We adopt the Sixth Circuit's reasoning in Columbia/HCA Healthcare here and reject the application of selective waiver. Allstate waived any privilege or protection associated with the documents at issue by producing them to the SEC and DOL; therefore, they must be produced to plaintiffs.

- 8 -

## CONCLUSION

For the foregoing reasons, the motion of defendant Allstate Insurance Company for entry of a protective order [93] is denied. Allstate shall produce to plaintiffs by June 21, 2013 the documents that it produced to, as well as its correspondence with, the SEC and DOL. A status hearing is set for June 26, 2013 at 11:00 a.m. to discuss what discovery remains to be done.


DATE:      June 14, 2013


ENTER:     _____

John F. Grady, United States District Judge