IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL RIVERA, STEPHEN )
KENSINGER, DEBORAH JOY )
MEACOCK, and REBECCA )
SCHEUNEMAN, )
)
      Plaintiffs, )
)
v. ) No. 10 C 1733
)
ALLSTATE INSURANCE COMPANY, )
)
      Defendant. )

# OPINION AND ORDER

    1. Defendant's motion (ECF 206) to Bar Hearsay Comments and Rumors regarding plaintiffs' reputations is granted in part. Plaintiffs' may not offer their own testimony as to what they were told others purportedly said about their conduct or employment status. Plaintiffs' contention that they offer character or reputation evidence pursuant to Fed. R. Evid. 803(21) is reserved.

    2. Plaintiffs' motion (ECF 207) to preclude defendant from claiming or proving the defense of privilege at trial is denied.

    3. Plaintiffs' motion (ECF 208) to bar undisclosed witnesses is reserved.

    4. Defendant's motion (ECF 210) to bar job search evidence not revealed in discovery responses dated Feb. 14, 2011 and March 9, 2011 or at

plaintiffs' depositions is reserved for further consideration of whether any omissions were substantially justified or harmless within the meaning of Fed. R. Civ. P. 37(c)(1).

     5. Defendant has moved (ECF 214) to exclude the opinion testimony of Michael Ramer. Plaintiffs have moved to exclude the rebuttal testimony of James Langenfeld (ECF 226). Ramer's "knockout theory" is not based on scientific or technical data but rather on his experience as an employment recruiter. The proposed testimony will not be helpful for the jury's understanding of the evidence, invades the province of the jury, and is not based on demonstrably reliable methods as required by Fed. R. Evid. 702. ***Kumho Tire Co. v. Carmichael***, 526 U.S. 137, 150-58 (1999). Since Ramer will not testify, there is no need to have Langenfeld as a rebuttal witness, which is the primary argument for Langenfeld's testimony. An insufficient basis is presented for otherwise admitting Langenfeld's testimony. The motion to bar Langenfeld's testimony will also be granted.

     IT IS THEREFORE ORDERED that defendant's motion [206] is granted in part and reserved in part. Plaintiffs' motion [207] is denied. Plaintiffs' motion

[208] is reserved.  Defendant's motion [210] is reserved.  Defendant's motion [214] is granted.  Plaintiff's motion [226] is granted.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:  FEBRUARY  9, 2016