IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL RIVERA, STEPHEN KENSINGER, DEBORAH JOY MEACOCK, and REBECCA SCHEUNEMAN,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

No. 10 C 1733

# **OPINION AND ORDER**

Plaintiffs' motion to bar the proposed expert testimony of Harvey Pitt is before the court.

Defendant Allstate Insurance Company ("Allstate") disclosed to plaintiffs that Pitt, a lawyer and former Chairman of the Securities and Exchange Commission ("SEC"), is a percipient witness who participated in the investigation of the case and, therefore, was not required to provide a written report. See Fed. R. Civ. P. 26(a)(2)(C). It was ruled, however, that the Rule 26 disclosure made to plaintiffs was inadequate. Allstate filled a second disclosure providing additional detail. Plaintiffs then deposed Pitt.

Allstate contends that Pitt's expert testimony is relevant (1) to establish its qualified privilege defense, (2) to refute the contention that the qualified privilege was abused, and (3) to testify as a fact witness who investigated the facts which have given rise to plaintiffs claims.  Although Allstate states that the witness is not offering legal conclusions, it has withheld documents from discovery based on an attorney-client privilege and contends that it is not required to waive its privilege because it does not plan to rely on advice of counsel as a defense at trial.  This argument runs counter to the usual rule that an expert is required to disclose all of the information considered to reach any opinion presented.

The existence of a qualified privilege is a question of law to be determined by the court.  ***Kuwik v. Starmark Star Mktg. &Admin., Inc.***, 156 Ill. 2d 16, 619 N.E.2d 129, 133 (1993); ***Babb v. Minder***,806 F.2d 749, 753 (7th Cir. 1986).  Plaintiffs do not dispute that Allstate had a duty to make disclosures to the SEC based on Regulation S-K, 17 C.F.R. Part 229, requiring public companies to issue a 10-K report at the end of each fiscal year specifying the information that must be included, the procedures, and the penalties for failure to follow the regulations.  The jury will be instructed that Allstate had a qualified

privilege to make the written disclosures in issue.

There is no need for Pitt's testimony in order to establish Allstate's qualified privilege.

The resolution of plaintiffs' defamation claims will likely turn on the question of whether Allstate abused a qualified document disclosure privilege by reporting results and data which were false and defamatory. Allstate seeks to have Pitt testify in support of its contention that it did not abuse its privilege. Abuse of privilege will be a question of fact for the jury. Other witnesses will be called to relate technical facts upon which the reports are based. Pitt testified in his deposition that he was engaged to review the methodology of the investigation and give advice as to the attitude of the SEC enforcement staff in instances in which such disclosure is required. He would also testify about what investors would want to learn from a 10-K report. Pitt did not prepare the documents in issue or assume responsibility for the contents.

Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions as to legal issues that will determine the outcome of a case. *See* ***Good Shepard Manor Found., Inc. v. City of Momence***, 323 F.3d 557, 564 (7th Cir. 2003); ***U.S. v. Sinclair***, 74 F.3d 753, 757 n. 1 (7th Cir. 1996). Much of the

proposed testimony relates legal conclusions and also enforcement issues that need not be reached.  In *Salem v. U.S. Lines Co.*, 370 U. S. 31, 35 (1962), the Supreme Court observed that when facts are accurately presented a jury can make a proper determination without expert testimony.  This is such a case.  The proposed testimony of Pitt concerning SEC practices is not necessary or helpful and poses problems of sorting out argument and legal conclusions from expert opinions.  The jury can decide whether or not the qualified privilege was abused based on the facts to be presented without being told about SEC practices or what an investor would want to know.

      IT IS THEREFORE ORDERED that plaintiffs' motion to bar the testimony of Harvey Pitt [202] is granted.

      ENTER:

                                              UNITED STATES DISTRICT JUDGE

DATED:  MARCH  17, 2016