IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DANIEL RIVERA, STEPHEN )
KENSINGER, DEBORAH JOY )
MEACOCK, and REBECCA )
SCHEUNEMAN, )
          )
            Plaintiffs, )
          )
        v. ) No. 10 C 1733
          )
ALLSTATE INSURANCE COMPANY, )
          )
            Defendant. )


# OPINION AND ORDER

Plaintiffs have moved to preclude defendant Allstate from calling as witnesses Harvey Pitt and Jordan Milev, both of whom were identified in a Trial Witness List filed on April 14, 2016. The trial is scheduled to begin on June 6, 2016.

On March 17, 2016 an order was entered barring Mr. Pitt from testifying as an expert. Defendant had disclosed Mr. Pitt as a Rule 26(a)(2)(C) percipient opinion witness (an expert not required to provide a written report but whose opinions and subjects are required to be disclosed). Because the disclosure was initially found to be inadequate, defendant had previously been required to make a

supplemental filing and plaintiffs were allowed to depose Mr. Pitt.  Briefs were filed relating to the proposed expert testimony.

Although he was not identified during discovery as a fact witness, Allstate now argues that Mr. Pitt is also a fact witness who should be allowed to testify that he investigated facts which have given rise to plaintiffs' claims. Allstate refers very generally to interviews Mr. Pitt had with members of the Securities and Exchange Commission Equity Division concerning disclosure requirements; his review of Allstate records, including emails and performance and trading data; and the engagement of an economic consulting firm, NERA, to review Allstate records in order to determine whether investment portfolio performance had been affected by conduct of plaintiffs and other Allstate employees.  Pitt is also said to have knowledge of Allstate's investigation and the factual basis for Allstate's conclusion that plaintiffs had violated ethics policies. To the extent that these topics are appropriate subjects of inquiry, they can be covered by other witnesses who will be called by the parties.

During discovery, Allstate withheld numerous documents prepared by Mr. Pitt based on an attorney-client privilege which was not challenged because he was acting as an attorney.  Should testimony of his investigation now be allowed,

discovery of such material could be appropriate and preclude an already long-delayed trial. Allstate will not be allowed to call Mr. Pitt as a witness.

Jordan Milev is a consultant with NERA, the firm that was retained to do an analysis of the stock trades over a seven-year period for potential Dietz implications. He is able to explain to the jury complex algorithmic calculations that are involved. Mr. Milev was originally disclosed to plaintiffs as a non-testifying consultant. However, Allstate later identified Mr. Milev as a Fed. R. Civ. P. Rule 30(b)(6) witness most familiar with the methods employed by NERA to study the stock portfolio trade history, and he was deposed by plaintiffs. Allstate represents that all NERA documents were produced during discovery. Plaintiffs do not contend that any NERA documents have been withheld.

Plaintiffs are correct that Mr. Milev is a Rule 26(a)(2)(C) expert witness who should have been so identified in an appropriate filing containing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Allstate must supply this information to plaintiffs within seven days as a condition to calling Mr. Milev as a witness.

Subject to the condition stated, plaintiffs' motion to bar the testimony of Jordan

Milev will be denied.

IT IS THEREFORE ORDERED that plaintiffs' motion to bar Harvey Pitt

[258] is granted. Plaintiffs' motion to bar Jordan Milev [260] is granted in part

and denied in part. Milev may testify provided that, within 7 days, defendant

serves a satisfactory Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii) disclosure.


ENTER:


_____
UNITED STATES DISTRICT JUDGE


DATED: JUNE 1, 2016